1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                        ----oo0oo----

11

12   PRESENTACION R. HAW,
                                   Civ. No. S-09-407 FCD/KJN
13              Plaintiff,

14        v.                       MEMORANDUM AND ORDER

15   WASHINGTON MUTUAL BANK,
     INDYMAC BANK, F.S.B., MORTGAGE
16   ELECTRONIC REGISTRATION
     SYSTEMS, INC., MORTGAGEIT,
17   INC, QUALITY LOAN SERVICE
     CORPORATION, GMAC MORTGAGE,
18   L.L.C., JPMORGAN CHASE BANK,
     NATIONAL ASSOCIATION, and
19   DSOES 1 to 98, Inclusive,

20              Defendants.
     _____/
21

22                        ----oo0oo----

23        This matter is before the court on the motions of defendants

24   the Federal Deposit Insurance Corporation ("FDIC"), MortgageIt

25   Inc. ("MortgageIt"), and JPMorgan Chase Bank ("JPMorgan") to

26   dismiss plaintiff Presentacion R. Haw's ("plaintiff") first

27   amended complaint pursuant to Federal Rule of Civil Procedure

28   ("FRCP") 12(b)(6).

                               1

1    On February 12, 2009, plaintiff, acting pro se, filed a
2    complaint against defendants for claims arising out of a real
3    estate loan transaction.  (Docket #1.)  Plaintiff's original
4    complaint included federal claims for violation of the Truth in
5    Lending Act ("TILA") and the Federal Debt Collection Practices
6    Act ("FDCPA") as well as a state law claim for alleged violations
7    of California Business and Professions Code §§ 17200 *et seq.*
8    relating to unfair business practices.  On July 27, 2009,
9    plaintiff, represented by counsel, filed a first amended
10   complaint.  (Docket #42.)  The first amended complaint includes
11   claims for civil conspiracy, fraud, specific performance,
12   wrongful foreclosure, quiet title, and wrongful eviction.[1]

13       Jurisdiction is a threshold inquiry before the adjudication
14   of any case before the court.  See Morongo Band of Mission
15   Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380
16   (9th Cir. 1988).  Without jurisdiction, this court cannot
17   adjudicate the merits of this case or order any relief.  See id.
18   ("If the district court had no jurisdiction over the subject
19   matter, the action should have been dismissed, regardless of the
20   parties' preference for an adjudication in federal court.").

21       Plaintiff's only remaining claim that could possibly support
22   federal jurisdiction[2] is his seventh claim for relief, which is
23   titled "Wrongful Eviction and Violation of Due Process."  (Compl.

24   _____

25       [1]   The complaint also includes claims for rescission and
     restitution, imposition of constructive trust, special and
26   punitive damages, and declaratory and injunctive relief, however,
     plaintiff concedes in her opposition that these are merely
27   remedies and not claims for relief.

28       [2]   The complaint fails to allege any facts that would
     support diversity jurisdiction.

¶ 145.)  Plaintiff alleges that, following the allegedly wrongful foreclosure of her home, defendants sought to evict plaintiff by filing an unlawful detainer suit in California Superior Court and obtaining a writ of execution to gain possession.  (<u>Id.</u> at ¶ 147-50.)  Plaintiff further alleges that "[b]y not allowing Plaintiff to assert her right to ownership, [JPMorgan] through the California Superior Court essentially deprived Plaintiff of her due process rights."  (<u>Id.</u> at ¶ 150.)

Even if the court construes this as a claim for violation of plaintiff's procedural due process rights guaranteed by the Fourteenth Amendment under 42 U.S.C. § 1983, plaintiff's claim fails to state a claim for relief because she has not plausibly alleged that JPMorgan was acting under color of state law.  Use of the unlawful detainer process standing alone does not transform acts by a private party into acts under color of law for purposes of § 1983.  <u>See</u> <u>Hohensee v. Dailey</u>, 383 F. Supp. 6, 9 (M.D. Pa. 1974) ("The mere fact that an individual utilizes state process against another does not make the actor's conduct cognizable as state action."); <u>see also</u> <u>Deal v. Newport Datsun, Ltd.</u>, 706 F.2d 141 (4th Cir. 1983) (affirming a district court's dismissal of an action on the grounds that a landlord's commencement of an ejectment proceeding did not constitute state action); <u>Miller v. Hartwood Apartments, Ltd.</u>, 689 F.2d 1239, 1242 (5th Cir. 1982) ("There is no cause of action under the Civil Rights Act if a case is private litigation in which the state does no more than furnish the forum and has no interest in the outcome."); <u>cf.</u> <u>Howerton v. Gabica</u>, 708 F.2d 380 (9th Cir. 1983) (finding state action in an eviction context when a police

3

1  officer accompanied landlord when serving eviction notice,

2  privately approached tenants, and recommended that they leave,

3  creating the appearance that the police sanctioned the eviction).

4  Plaintiff fails to set forth any allegations in her complaint or

5  argument in her opposition that could plausibly give rise to a

6  claim under § 1983.  Indeed, plaintiff wholly fails to advance

7  any arguments with respect to a constitutional due process claim.

8  Rather, the only argument proffered by plaintiff is that the

9  wrongful eviction claim, in which the due process allegation is

10  included, is dependent upon her wrongful foreclosure claim.

11  Accordingly, plaintiff's § 1983 claim for violation of due

12  process is DISMISSED without leave to amend.[3]

13     Dismissal of plaintiff's purported § 1983 claim leaves the

14  complaint devoid of any federal claims.  The remaining claims are

15  state law claims for civil conspiracy, fraud, specific

16  performance, wrongful foreclosure, quiet title, and wrongful

17  eviction.

18     Subject to the conditions set forth in 28 U.S.C. § 1367(c),

19  district courts may decline to exercise supplemental jurisdiction

20  over state law claims.  See Acri v. Varian Associates, Inc., 114

21  F.3d 999, 1000 (9th Cir. 1997)(en banc).  The court's decision

22

23  _____
   [3]     While leave to amend should be freely given pursuant to
   Federal Rule of Civil Procedure 15, the court is not required to
   allow futile amendments. Klamath-Lake Pharm. Ass'n v. Klamath

24  Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983).  Here,
   amendment of the complaint with respect to plaintiff's § 1983

25  claim would be futile under the governing law described above,
   and plaintiff does not describe any other facts which could

26  plausibly give rise to such claims against defendants. Ashcroft
   v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Further, the court notes

27  that plaintiff's counsel has been issued two orders to show cause
   and been sanctioned $450.00 for failure to comply with the local

28  rules and court orders.

4

whether to exercise supplemental jurisdiction should be informed
by values of "economy, convenience, fairness, and comity." Id.
at 1001 (citations omitted).  However, primary responsibility for
developing and applying state law rests with the state courts.
Therefore, when federal claims are eliminated before trial,
district courts should usually decline to exercise supplemental
jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343,
350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d
1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which
federal-law claims are eliminated before trial, the balance of
factors . . . will point toward declining to exercise
jurisdiction over the remaining state law claims.")(quoting
Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  In
accordance with 28 U.S.C. § 1367(c), the court declines to
exercise supplemental jurisdiction over plaintiff's remaining
state law claims.

　　　Accordingly, the remainder of plaintiff's complaint is
DISMISSED without prejudice.[4]

　　　IT IS SO ORDERED.

DATED: March 1, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[4]     Because oral argument will not be of material
assistance, the court orders these matters submitted on the
briefs. E.D. Cal. L.R. 230(g).

5